UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| PETER OGLETREE, ) | CASE NO. 1:07 CV 354 |
| ) | |
| Petitioner, ) | JUDGE KATHLEEN M. O'MALLEY |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| OHIO ADULT PAROLE AUTHORITY, ) | AND ORDER |
| ) | |
| Respondent. ) | |

On February 8, 2007, pro se petitioner Peter Ogletree filed the above-captioned petition for a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Ogletree is incarcerated in the Lake Erie Correctional Institution. He asserts that the State of Ohio violated his constitutional rights by determining his eligibility for release on parole using a parole guideline offense category which was not applicable to his offense of conviction. Mr. Ogletree also filed an Application to Proceed In Forma Pauperis. That application is granted.

**Background**

Mr. Ogletree was indicted in January 1994 on two counts of aggravated murder with capital and firearm specifications, and one count of aggravated robbery with a firearm specification. He entered into a plea agreement on October 31, 1994 in which Count 2 of the indictment was

amended to a charge of involuntary manslaughter, the firearm specifications in all counts were deleted, and Count 1 was dismissed in its entirety in exchange for Mr. Ogletree's plea of guilty to the amended charges. Mr. Ogletree was sentenced on October 31, 1994 to 8 to 25 years incarceration on the charge of involuntary manslaughter, and 7 to 25 years on the charge of aggravated robbery. The sentences were ordered to be served consecutively, for an aggregate total sentence of 15 to 50 years incarceration.

In 1998, and again in 2000, the Ohio Adult Parole Authority ("OAPA") revised its guidelines to evaluate a prisoner's suitability for release on parole. These guidelines assign a numerical offense category to an inmate based upon the nature of his or her crime, and a risk score based upon several factors including the inmate's criminal record, and institutional behavior. The two numbers are then placed on a grid which determines if the inmate is suitable for release, or in the alternative, the recommended number of months the inmate should serve before he or she is again considered for parole. These guidelines are not mandatory and the OAPA has the discretion to depart upward or downward from the guideline score.

Mr. Ogletree received his first parole hearing on May 5, 2004. He contends he was placed in Offense Category 8 and was assessed a Risk Score of 1. That placed him in the guideline range of 60 to 84 months incarceration. He claims that because he had already served the amount of time recommended by the guideline score, the parole board rendered a favorable parole release decision. His projected release was set for July 6, 2004.

Mr. Ogletree alleges that upon receiving notice of his impending release, the Cuyahoga County Prosecutor's office objected to the OAPA's determination and demanded that the grant of parole be rescinded. He claims that the OAPA complied with this request and issued a stop

release order to the Lake Erie Correctional Institution.

A second parole eligibility hearing was held on September 13, 2004. Mr. Ogletree claims that at this hearing, he was placed in Offense Category 10 and was assessed a Risk Score of 1 which placed him in the guideline range of 120 to 180 months incarceration. His projected release date was revised to January 2, 2009.

Mr. Ogletree raises four grounds for relief in his petition. First, he claims that his revised parole determination violated the Ex Post Facto Clause because it "inflicted a punishment greater than required by law... ." (Pet. at 5.) In addition, he claims the OAPA's use of an Offense Category which did not pertain to the offense for which he was convicted denied him due process. Third, he claims the OAPA denied him equal protection and breached his plea agreement when it assigned him to an Offense Category which did not reflect his offense of conviction. Finally, he contends that he would have received " a shorter sentence if not for the prejudicial interference by the prosecutor." (Pet. at 7.)

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996. The provisions of the AEDPA apply to habeas corpus petitions filed after that effective date. Lindh v. Murphy, 521 U.S. 320, 336 (1997); see Woodford v. Garceau, 538 U.S. 202, 210 (2003); Barker v. Yukins, 199 F.3d 867, 871 (6th Cir. 1999)("It is now well settled that AEDPA applies to all habeas petitions filed on or after its April 24, 1996 effective date.") Because Mr. Ogletree's petition was filed on February 8, 2007, the AEDPA governs this court's consideration of his petition.

The AEDPA was enacted "to reduce delays in the execution of state and federal

3

criminal sentences, and 'to further the principles of comity, finality, and federalism.'" Woodford, 538 U.S. at 206 (citing Williams v. Taylor, 529 U.S. 362, 436 (2000)).  In advancing such goals, Section 2254(d) places new constraints on "the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."  Williams, 529 U.S. at 412.  Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant a petition for a writ of habeas corpus filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States and only if "it appears that ... the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(a) &(b)(1); Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); Clemmons v. Sowders, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the

meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law.  Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same theory in which it is later presented in federal court. Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a theory which is separate and distinct from the one previously considered and rejected in state court.

### Exhaustion of State Court Remedies

There is no indication that Mr. Ogletree exhausted his state court remedies.  While the OAPA's decision to deny parole is not subject to judicial review, inmates may challenge the constitutionality of the application of the Ohio parole guidelines in a Declaratory Judgment action. Hattie v. Anderson, 68 Ohio St. 3d 232, 235 (1994); see Curtis v. Ohio Adult Parole Authority, No. 04AP-1214, 2006 WL 23248 (Ohio App. 10 Dist. Jan. 5, 2006); State of Ohio v. Hall, Case No. 2003-T-0114, 2004 WL 2785544, slip op. at *11 (Ohio 11 Dist. Ct. App. Dec. 6, 2004).  Mr. Ogletree is challenging the OAPA's use of an Offense Category that did not correspond to the offense of his conviction.  Those types of challenges are cognizable in the Ohio courts through a declaratory judgment action.  See Layne v. Ohio Adult Parole Authority, 97 Ohio St. 3d 456 (2002). Mr. Ogletree does not allege that he first presented these claims to the Ohio courts.  Consequently, this action cannot proceed.

### Conclusion

Accordingly, petitioner's Application to Proceed In Forma Pauperis is granted and this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254

Cases. Further, the court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

    s/ Kathleen M. O'Malley
    KATHLEEN M. O'MALLEY
    UNITED STATES DISTRICT JUDGE

DATED: May 25, 2007